ANDREW ROSICS, Respondent, v. ROBERT W. GRANT, Appellant. ALBERT E. SHIVELY, Respondent, v. ROBERT W. GRANT, Appellant. — This is an appeal from money judgments in favor of the plaintiffs recovered for personal injuries as the result of an automobile accident which happened on Route 96 at the intersection of Perry City Road in the county of Tompkins on the 24th day of May, 1956. The plaintiff Andrew Rosics was operating an automobile truck belonging to the United States Navy and the plaintiff, Albert E. Shively, commander, was riding as a passenger in the said truck which was proceeding in a southerly direction on said Route 96 at 4:30 P.M. on a clear bright day. The road was dry. The defendant was the owner and operator of a Plymouth sedan which was proceeding northerly on said Route 96 and in attempting to make a left turn, collided with the automobile in which the plaintiffs were riding. At the place where the accident happened, the road was straight and level as shown

in the exhibits offered in evidence and the damage to the respective cars was likewise shown in various exhibits before the court. As a result of the collision, the truck in which the plaintiffs were riding rolled over two or three times and after it came to a stop, the plaintiff Rosics was lying on the concrete road, unconscious, and the plaintiff Shively was still in the car, conscious, and extricated himself. From an examination of the briefs, it is apparent that there is no serious question raised as to the negligence of the defendant nor as to the contributory negligence of the plaintiffs with the exception of it being called to the court's attention that the Trial Judge, while making reference to the contributory negligence, did not specifically make such charge as to Rosics. There was substantial testimony from various witnesses and admissions by the defendant on cross-examination which established his negligence and left little, if any, question of contributory negligence so far as the plaintiffs herein are concerned. The principal objection raised by the defendant concerns the question of damages, as to the charge by the court and that the said damages were excessive. Defendant complains about certain testimony given by Rosics on redirect examination. This witness, while being cross-examined by the attorney for the defendant, had called to his attention certain entries in the hospital records in September of 1956 to the effect that the patient felt that he was ready for duty and in answer to one of the questions, the witness stated he had a reason for making such statement. Thereafter on redirect examination the attorney for the plaintiff went into this matter and over the objection of the defendant, the court allowed the witness to give an explanation in which he said among other things that he would "probably get a disability of about thirty per cent". No motion was made by the attorney for the defendant to have this stricken from the record and in view of the amount of the verdict returned in this case, considering the injuries, there is no basis for finding that it was prejudicial, assuming that the answer was improper. The defendant complains with reference to the charge that the instruction to the jury on damages was improper because of the following: "In other words, put yourself in the situation of these plaintiffs. Under the same circumstances, what would you take? You see what I mean." After the court had finished its instruction to the jury, the attorney for the defendant took exception to that part of the charge and the court immediately explained to the jury that the wording was improper and that they should use their common sense, after which court said to counsel "Does that take care of that? Mr. Kramer: Yes. The court: All right." Under these circumstances the defendant has no justifiable complaint with reference to that part of the case. As to the excessiveness of the verdicts, plaintiff Shively had a cut on his leg six inches long, his shoulders and back hurt, he was out of work for two and one-half weeks and he said that he had some discomfort for some period of time thereafter. He had no special damages. From these and other facts which appear in the record $500 is not excessive. Plaintiff Rosics was 39 years of age, married, had two children. His classification was storekeeper, first class. Following the accident, he was found on the road unconscious. After some time he was removed to Sampson Air Force Hospital where he remained until May 29 when he was transferred to St. Albans Naval Hospital and remained there until he was discharged on September 20, 1956, four months following the accident. Immediately following the accident, his head was bleeding, he had abrasions and swelling of his right hand, his left hand and elbow cut and bruised, pain in shoulder, left knee-cap, left hip joint was bruised and swollen. It developed after X-ray pictures were taken that the right thumb was fractured and there was testimony that there was some limitation, that it bothered him in cold weather. He had fractures of several ribs on his left side. He had dislocation and fracture of the greater

tuberosity of the humerus of the left shoulder; that it was necessary for the doctor to pull and rotate the left arm to reduce the dislocation, which was performed while he was conscious and caused him great pain. He was in a body cast until June 22; that he had a cast on his right arm from the wrist to the elbow. Other testimony is in the record concerning the pain, suffering and discomfort which this man endured for some time immediately following the accident. When he began to recover and after the removal of the cast, he received physical therapy treatments for some period of time. There is medical testimony that he had a permanent partial disability of the shoulder of 15%. The doctor for the defendant admitted the disability but claimed it amounted to 5%. There is further testimony that because of the nature of the injury he would eventually develop a bursitis of the shoulder which would cause great pain and require surgical treatment; that there was restriction of the thumb and because of the nature of the injury, he would suffer considerable pain. This enumeration of the injuries of the plaintiff Rosics is convincing proof that the sum of $10,000 was in no way excessive. From a review of the complete record and the briefs of the respective parties, the errors, if any, claimed by the defendant as to the question of damages, were not substantial or prejudicial. Judgments unanimously affirmed, with costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.